```
J.M. IRIGOYEN #177626
Attorney at Law
J.M. IRIGOYEN LAW CORPORATION
2131 Amador
Fresno, CA 93721

559.233.3333


Attorney for Defendant
ABDULLA KASSEM MUTHANA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: 06-cr-00321-OWW |
| ) | |
| Plaintiff, ) | **REPLY TO MOTION FOR** |
| ) | **DOWNWARD DEPARTURE** |
| vs. ) | **OR NON-GUIDELINE** |
| ) | **SENTENCE** |
| ABDULLA KASSEM MUTHANA, ) | |
| ) | Date: 06-02-08 |
| Defendant. ) | Time: 1:30 |
| _____ ) | Honorable: Oliver W. Wanger |

**1.   NO GUIDELINE REASONABLENESS PRESUMPTION**

The Government's position that "[a]pplication of the sentencing guidelines is a good standard by which this Court determines the reasonableness of the sentence" cloaks the Guidelines with a district court level reasonableness presumption rejected by the Supreme Court.  See, *Rita v. United States*, 551 U.S.___, 168 L.Ed.2d 203, 214, 127 S.Ct. 2456, 2465(2007)(In determining [a sentence], the sentencing Court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."] [citing *Booker*, 543 U.S. 220, 259-260, 160 L.Ed.2d 621, 125 S.Ct. 738 (2005). Because the Guidelines are but one of 3553(a)'s sentence

1  reasonableness components, at most they are entitled to an
2  "assum[ption] that [they are] a rough approximation of
3  sentences that might achieve § 3553(a)'s objectives [] (Rita,
4  168 L.Ed.2d at 213-214). Thus their '"starting
5  point'"*Kimbrough v. United States*, ___U.S.___,___, 169 L.Ed.2d
6  481, 499, 128 S.Ct. 558,574(2007)(quoting *Gall v. United*
7  *States*, ___U.S.___, 169 L.Ed.2d 445, 128 S.Ct. 586 (2007)) and
8  "respectful consideration" (Kimbrough, 169 L.Ed.2d at 488)
9  status among equally important 3553(a) sentence reasonableness
10 factors bars the Guidelines from ever being the sum of the
11 whole.

### 2.  IMPROPER HAWALA EVIDENCE

13  The Government's Hawala uncharged bad act evidence
14 (Government's Objection p. 5, et seq., see, e.g. *United States*
15 *v. Elfgeeh*, 515 F.3d 100 (2nd Cir. 2008)) must be excluded from
16 sentencing because it is irrelevant to any 3553(a) sentencing
17 factors (see, e.g. U.S.S.G. 6A1.3(a)(limiting sentencing
18 evidence to "relevant facts"), and its un-noticed presentation
19 past the PSR[*] violates F.R.Crim P. 32 (see, *United States v.*
20 *Rosner*, 485 F.2d 1213, 1229-31 (9th Cir. 1973)(bad act evidence
21 by Government memorandum past the PSR violated rule 32)and due
22 process (see, *United States v. Petty*, 992 F.2d 1015, 1019 (9th
23 Cir. 1993)(holding "more serious charge[s][] added at
24 sentencing without notice or 'any' ''hearing in the normal
25 sense'' [require] trial-like procedural protection") (quoting
26 *McMillan v. Pennsylvania*, 477 U.S. 79, 88, 91 L.Ed.2d 67, 106

---

28 [*]   Pre-sentencing report.

2

S.Ct. 2411 (1986) and citing *Specht v. Patterson*, 386 U.S. 605, 18 L.Ed.2d 326, 87 S.Ct. 1209 (1967)).

### 3. DENIAL OF UNCHARGED CRIMES

Without prejudice to Muthana's constitutional and statutory substantive and procedural rights, he generally denies any money transmitting wrong doing and, to mitigate potential damage done to these sentencing proceedings, clarifies that he is licensed to conduct the money transmitting business complained by the Government.

Dated: May 29, 2008

Respectfully yours,

J. M. IRIGOYEN LAW CORPORATION


by: s/J. M. Irigoyen,
    J. M. Irigoyen, Esq.
    Attorney for Defendant
    Abdulla Kassem Muthana